**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **JACQUES DIEUDONNE ITONGA MIANGO** | * | |
| **AND MICHELINE LOMPO MIANGO** | * | |
| 5036 Plymouth Road | * | |
| Baltimore MD 21214 | * | |
|  | * | |
| and | * | |
|  | * | |
| **ANDRE PAUL NGOMA** | * | |
| 11200 Lockwood Dr | * | **Civil Case No.:** |
| Silver Spring MD 20901 | * | |
|  | * | |
| Plaintiffs, | * | |
|  | * | |
| vs. | * | |
|  | * | |
| **DEMOCRATIC REPUBLIC OF CONGO** | * | |
| Embassy of the Democratic Republic of the Congo | * | |
| 1726 M Street, N.W Suite 601, | * | |
| Washington, DC 20036 | * | |
|  | * | |
| and | * | |
|  | * | |
| **JOSEPH KABILA KABANGE** | * | |
| In his Official and Individual Capacity | * | |
| c/o 1726 M Street, N.W Suite 601, | * | |
| Washington, DC 20036 | * | |
|  | * | |
| and | * | |
|  | * | |
| **EMBASSY OF THE DEMOCRATIC** | * | |
| **REPUBLIC OF THE CONGO** | * | |
| Served on: Amb. Faida M. Mitifu, PhD | * | |
| 1726 M Street, N.W. Suite 601 | * | |
| Washington, DC 20036 | * | |
|  | * | |
| and | * | |
|  | * | |
| **UNITED STATES SECRET SERVICE** | * | |
| c/o U. S. Department Of Homeland Security | * | |
| <u>Serve</u>: Donna L. Cahill, Chief Counsel | * | |
| Office of the General Counsel | * | |
| 245 Murray Lane, Mail Stop 0485 | * | |
| Washington, DC 20528-0485 | * | |
|  | * | |

1

Also Serve:                                            *
Office of the Attorney General                         *
United States Department of Justice                    *
900 Pennsylvania A venue NW                            *
Washington, DC 20530-0001                              *
                                                       *
and                                                    *
                                                       *
**DISTRICT OF COLUMBIA**                               *
**METROPOLITIAN POLICE DEPARTMENT**                    *
Serve:  Honorable Muriel Bowser                        *
District of Columbia Government                         *
1350 Pennsylvania Avenue N.W.                          *
Washington, D.C. 20004                                 *
                                                       *
Also Serve:                                            *
Office of the Attorney General                         *
For the District of Columbia                           *
444 4th Street N.W.                                    *
6th Floor South                                        *
Washington, D.C. 20001                                 *
                                                       *
and                                                    *
                                                       *
**CASTLETON HOTEL PARTNERS  LLC**                      *
**T/A CAPELLA GEORGETOWN HOTEL**                       *
1026 31st Street, NW                                   *
Washington, D.C. 20007                                 *
                                                       *
Serve on Resident Agent:                               *
C T Corporation System                                 *
1015 15th Street, NW                                   *
Suite 1000                                             *
Washington, DC 20005                                   *
                                                       *
and                                                    *
                                                       *
**CAPELLA HOTELS GROUP, LLC**                          *
3384 Peachtree Road, Suite 375                         *
Atlanta, GA 30326                                      *
                                                       *
Serve on Resident Agent:                               *
C T Corporation System                                 *
1015 15th Street, NW, Suite 1000                       *
Washington, DC 20005                                   *
                                                       *
and                                                    *

2

                  \*

**JEANMARIE KASSAMBA**     \*
In his Official and Individual Capacity     \*
c/o 1726 M Street, N.W Suite 601     \*
Washington, DC 20036     \*
     \*
and     \*
     \*
**DR. ROLAND LORETO WONG MOLINA**     \*
His Individual and Official Capacity     \*
c/o 1726 M Street, N.W. Suite 601     \*
Washington, DC 20036     \*
     \*
and     \*
     \*
**S.E. BEN MPOKO**     \*
His Individual and Official Capacity     \*
John A. Wilson Building     \*
c/o 1726 M Street, N.W Suite 601     \*
Washington, DC 20036     \*
     \*
and     \*
     \*
**MR. ERIC MAKWEKWE**     \*
In His Individual and Official Capacity     \*
c/o 1726 M Street, N.W Suite 601     \*
Washington, DC 20036     \*
     \*
and     \*
     \*
**MR. KAWULU KABAYUWE LUCIEN**     \*
In his Official and Individual Capacity     \*
c/o 1726 M Street, N.W Suite 601     \*
Washington, DC 20036     \*
     \*
and     \*
     \*
**MAKONGA MARK MWAOAU
MWANAUTE**     \*
In his Official and Individual Capacity     \*
c/o 1726 M Street, N.W Suite 601     \*
Washington, DC 20036     \*
     \*
and     \*
     \*
**MR. COSTA KABWITA**     \*
In his Official and Individual Capacity     \*

c/o 1726 M Street, N.W Suite 601                                    *
Washington, DC 20036                                               *
                                                                   *
and                                                                *
                                                                   *
**MR. ERNEST MULUMBA MFIMI**                                       *
In his Official and Individual Capacity                            *
c/o 1726 M Street, N.W Suite 601                                    *
Washington, DC 20036                                               *
                                                                   *
and                                                                *
                                                                   *
**COMM. SEBASTIEN NDEKO**                                          *
In his Official and Individual Capacity                            *
c/o 1726 M Street, N.W Suite 601                                    *
Washington, DC 20036                                               *
                                                                   *
and                                                                *
                                                                   *
**MR. JEFFREY DEGENER**                                            *
In his Official and Individual Capacity                            *
c/o 1726 M Street, N.W Suite 601                                    *
Washington, DC 20036                                               *
                                                                   *
and                                                                *
                                                                   *
**MR. CHARLES DESCHRYVER MWENAUTE**                                *
In his Official and Individual Capacity                            *
c/o 1726 M Street, N.W Suite 601                                    *
Washington, DC 20036                                               *
                                                                   *
and                                                                *
                                                                   *
**LT COL. JOHN NGOY WA KABILA**                                    *
In his Official and Individual Capacity                            *
c/o 1726 M Street, N.W Suite 601                                    *
Washington, DC 20036                                               *
                                                                   *
and                                                                *
                                                                   *
**CAPT. VANNECK**                                                  *
In his Official and Individual Capacity                            *
c/o 1726 M Street, N.W Suite 601                                    *
Washington, DC 20036                                               *
                                                                   *
and                                                                *
                                                                   *

4

**PATRICE KITEBI KIBOL M'VUL**                            *
In his Official and Individual Capacity                  *
c/o 1726 M Street, N.W Suite 601                          *
Washington, DC 20036                                     *
                                                         *
and                                                      *
                                                         *
**GATA MAVINGA**                                         *
In his Official and Individual Capacity                  *
c/o 1726 M Street, N.W Suite 601                          *
Washington, DC 20036                                     *
                                                         *
and                                                      *
                                                         *
**FAIDA MITIFU**                                         *
In her Official and Individual Capacity                  *
c/o 1726 M Street, N.W Suite 601                          *
Washington, DC 20036                                     *
                                                         *
and                                                      *
                                                         *
**MR. GUSTAVE BEYA SIKU**                                *
In his Official and Individual Capacity                  *
c/o 1726 M Street, N.W Suite 601                          *
Washington, DC 20036                                     *
                                                         *
and                                                      *
                                                         *
**INOYOSI GENEVIEVE**                                    *
In his Official and Individual Capacity                  *
c/o 1726 M Street, N.W Suite 601                          *
Washington, DC 20036                                     *
                                                         *
and                                                      *
                                                         *
**BRUNO KAPANDJI KALALA**                                *
In his Official and Individual Capacity                  *
c/o 1726 M Street, N.W Suite 601                          *
Washington, DC 20036                                     *
                                                         *
and                                                      *
                                                         *

**MR. ERIC MAKWEKWE**                                    *
In his Official and Individual Capacity                  *
c/o 1726 M Street, N.W Suite 601                          *
Washington, DC 20036                                     *

|  | * |
| and | * |
|  | * |
| **MR. JACQUES MUKALENG MAKAL** | * |
| In his Official and Individual Capacity | * |
| c/o 1726 M Street, N.W Suite 601 | * |
| Washington, DC 20036 | * |
|  | * |
| and | * |
|  | * |
| **MR. SERAPHIN NGWEJ** | * |
| In his Official and Individual Capacity | * |
| c/o 1726 M Street, N.W Suite 601 | * |
| Washington, DC 20036 | * |
|  | * |
| and | * |
|  | * |
| **LT COL. PIERRE BANUWESLZE** | * |
| In his Official and Individual Capacity | * |
| c/o 1726 M Street, N.W Suite 601 | * |
| Washington, DC 20036 | * |
|  | * |
| and | * |
|  | * |
| **CAPT JEAN NEKINA**, | * |
| In his Official and Individual Capacity | * |
| c/o 1726 M Street, N.W Suite 601 | * |
| Washington, DC 20036 | * |
|  | * |
| and | * |
|  | * |
| **MR. TORGA LOLONGA** | * |
| In his Official and Individual Capacity | * |
| c/o 1726 M Street, N.W Suite 601 | * |
| Washington, DC 20036 | * |
|  | * |
| and | * |
|  | * |
| **RAYMOND TSHIBANDA** | * |
| In his Official and Individual Capacity | * |
| c/o 1726 M Street, N.W Suite 601 | * |
| Washington, DC 20036 | * |
|  | * |
| and | * |
|  | * |
| **MR. LEONARD NGOY LULU** | * |
| In his Official and Individual Capacity | * |

6

c/o 1726 M Street, N.W Suite 601          *
Washington, DC 20036                      *
                                          *
and                                       *
                                          *
**MALOBA DIBWE**                          *
In his Official and Individual Capacity   *
c/o 1726 M Street, N.W Suite 601          *
Washington, DC 20036                      *
                                          *
and                                       *
                                          *
**M. JEAN-PIERRE MUTANDA**                *
In his Official and Individual Capacity   *
c/o 1726 M Street, N.W Suite 601          *
Washington, DC 20036                      *
                                          *
and                                       *
                                          *
**JEAN-PAUL NEMOYATO BAGEBOLA**           *
In his Official and Individual Capacity   *
c/o 1726 M Street, N.W Suite 601          *
Washington, DC 20036                      *
                                          *
and                                       *
                                          *
**INSP. DIVADJT SAM MADONKO**             *
In his Official and Individual Capacity   *
c/o 1726 M Street, N.W Suite 601          *
Washington, DC 20036                      *
                                          *
and                                       *
                                          *
**MR. MARTIN TCHAMLESSO ALOMWE**          *
In his Official and Individual Capacity   *
c/o 1726 M Street, N.W Suite 601          *
Washington, DC 20036                      *
                                          *
and                                       *
                                          *
**MR. JACQUES KILOLO**                    *
In his Official and Individual Capacity   *
c/o 1726 M Street, N.W Suite 601          *
Washington, DC 20036                      *
                                          *
and                                       *

|  | * |
| --- | --- |
| **COMM. SIMON MUKULU** | * |
| In his Official and Individual Capacity | * |
| c/o 1726 M Street, N.W Suite 601 | * |
| Washington, DC 20036 | * |
|  | * |
|  | * |
| **MR. WAKASOKWE** | * |
| In his Official and Individual Capacity | * |
| c/o 1726 M Street, N.W Suite 601 | * |
| Washington, DC 20036 | * |
|  | * |
| and | * |
|  | * |
| **MUHINDO KATEMBO** | * |
| In his Official and Individual Capacity | * |
| c/o 1726 M Street, N.W Suite 601 | * |
| Washington, DC 20036 | * |
|  | * |
| and | * |
|  | * |
| **INSP. STEPHANE MAWIKA**, | * |
| In his Official and Individual Capacity | * |
| c/o 1726 M Street, N.W Suite 601 | * |
| Washington, DC 20036 | * |
|  | * |
| **ADJ EMILE NGEBU** | * |
| In his Official and Individual Capacity | * |
| c/o 1726 M Street, N.W Suite 601 | * |
| Washington, DC 20036 | * |
|  | * |
| and | * |
|  | * |
| **MAJ. MUGANZA** | * |
| In his Official and Individual Capacity | * |
| c/o 1726 M Street, N.W Suite 601 | * |
| Washington, DC 20036 | * |
|  | * |
| and | * |
|  | * |
| **MAJ. MWALO** | * |
| In his Official and Individual Capacity | * |
| c/o 1726 M Street, N.W Suite 601 | * |
| Washington, DC 20036 | * |
|  | * |
| and | * |
|  | * |

**JACQUES KILOLO**                           *
In his Official and Individual Capacity      *
c/o 1726 M Street, N.W Suite 601             *
Washington, DC 20036                         *
                                             *
and                                          *
                                             *
**BLAISE PENZU**                             *
In his Official and Individual Capacity      *
c/o 1726 M Street, N.W Suite 601             *
Washington, DC 20036                         *
                                             *
and                                          *
                                             *
**MR. WAKASOKWE**,                           *
In his Official and Individual Capacity      *
c/o 1726 M Street, N.W Suite 601             *
Washington, DC 20036                         *
                                             *
and                                          *
                                             *
**SAM MPENGO MBEY**                          *
In his Official and Individual Capacity      *
c/o 1726 M Street, N.W Suite 601             *
Washington, DC 20036                         *
                                             *
and                                          *
                                             *
**PRINCE LUSALA**                            *
In his Official and Individual Capacity      *
c/o 1726 M Street, N.W Suite 601             *
Washington, DC 20036                         *
                                             *
And                                          *
                                             *
**IGNACE GATA MAVITA WA LUFUTA**             *
In his Official and Individual Capacity      *
c/o 1726 M Street, N.W Suite 601             *
Washington, DC 20036                         *
                                             *
            *Defendants.*                    *
                                             *
  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

## <u>COMPLAINT</u>

**NOW COMES**, plaintiffs Jacques Miango and Andrea Ngoma, by and through their undersigned attorneys and sues the aforementioned defendants and in support of their cause of action state:

## I.      PRELIMINARY STATEMENT

1.      This action for declaratory, monetary and other appropriate relief is brought by plaintiffs to redress intentional violations by defendants of rights secured to the plaintiffs by the laws of the United States, including the Foreign Sovereign Immunities Act of l976, Pub. L. 94-583, 90 Stat. 289l, 28 U.S.C. Sec. l330, l332 (a), l39l (f) and l60l-l6ll [hereinafter the FSIA], and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 et seq., and the statutory and common law of the District of Columbia.  This action arises out of an August 6, 2014, incident in front of the Capella Georgetown Hotel, where the plaintiffs' were savagely attacked and brutally beaten by thugs traveling with President Joseph Kabila of the Democratic Republic of the Congo ("DRC") all of whom were occupying the Capella Georgetown Hotel from August 1, 2014 through August 6, 2014. Mr. Miango was exercising his right to free speech and legally protesting against humanitarian and human rights violations in the DRC, when President Joseph Kabila, who was in the U.S. attending the "U.S. – Africa Leaders Summit", in Washington DC, ordered the attack on Jacques Miango and the protest. Mr. Andrea Ngoma was an innocent bystander's who was attacked and beaten because President Kabila's thugs thought he was a Congolese protestor due to his race and national origin as an African.  The August 6, 2014 brutal attack on the plaintiffs took place in the presence of U.S. Secret Services ("USSS") agents and District of Columbia Metropolitan Police Department ("DCMPD") officers, who providing security, supervision, and control or otherwise in charge of President Joseph Kabila and this party of thugs who attacked the plaintiffs and the protest.

## II.      PARTIES

2.      Jacques Miango (hereinafter "Plaintiff Miango" or "Mr. Miango") a person who resides in the State of Maryland.  Mr. Miango is a Congolese by national origin, who obtained refugee status to live in the U.S. through the U.N refugee program in Burkina Faso. Mr. Miango is the father of four boys ages 8, 10, 13 and 15, and is has been married to his wife Plaintiff Micheline Lompo Miango, since 1997.  Mr. Miango who hails form a family within the Congolese political class, is a known opponent and activist against the DRC government human rights violations.

3.      Andrea Paul Ngoma, (hereinafter "Plaintiff Ngoma" or "Mr. Ngoma") is a legal resident in the state of Maryland. Mr. Ngoma is Gabonese by national origin.  At all times relevant, Mr. Ngoma was working at the Canal Inn Hotel, which was across the street from, and adjacent to the Capella Georgetown Hotel.

4.      Government of the Democratic Republic of the Congo (hereinafter "DR Congo Government") is the sovereign of the Democratic Republic of the Congo.  At all times relevant DR Congo Government is led by President Joseph Kabila Kabange, and is responsible for the actions of President Joseph Kabila and other DR Congo Government officials.

5.      Joseph Kabila Kabange, (hereinafter "Defendant Joseph Kabila") is president of the DR Congo Government.  At all times relevant, Defendant Joseph Kabila's action and or inactions directly caused and contributed to the brutal attack and beating of Mr. Miango and Mr. Ngoma.

6.      Embassy of the Democratic Republic of the Congo (herein after "DR Congo Embassy" is a state agency or instrumentality of DR Congo Government located in Washington DC. At all times relevant, DR Congo Embassy's actions and or inactions

directly and or indirectly resulted in or contributed to the August 6, 2014 brutal attack and beating of Mr. Miango and Mr. Ngoma.

7.     United States Secret Service (hereinafter "USSS") is a division within the U.S. Department of Homeland Security, an agency of the federal government.   USSS provides protection for "heads of foreign states or governments and their spouses traveling with them, [and] other distinguished foreign visitors to the United States" At all times relevant to the lawsuit, USSS employees, agents, representatives, policies, procedures, actions and or inactions, directly and or indirectly caused, resulted in or contributed to the brutal attack and beating of Mr. Miango Mr. Ngoma on August 6, 2014.

8.     Defendant District of Columbia, is a municipality which overseas and is responsible for DCMPD.  The officers of DCMPD are responsible for protecting the physical safety of persons and property in the District of Columbia.   At all times relevant to the lawsuit, DCMPD officers, employees, agents, representatives, policies, procedures, actions and or inactions, directly and or indirectly caused, resulted in, and/or contributed to the brutal attack and beating of Mr. Miango Mr. Ngoma on August 6, 2014.

9.     Castleton Hotel Partners, LLC, (hereinafter "Defendant Castleton Hotel") is a District of Columbia limited liability corporation.  Defendant Castleton Hotel owns and or operates Capella Georgetown Hotel. At all times relevant to the lawsuit, Defendant Castleton Hotel, through its guest, customers, clients, policies, procedures, actions and or inactions, directly and or indirectly caused, resulted in, and/or contributed to the brutal attack and beating of Mr. Miango Mr. Ngoma on August 6, 2014.

10.     Capella Hotel Group, LLC, (hereinafter "Defendant Capella Hotel") is a Delaware limited liability company, operating in the District of Columbia under the trade name "Capella Georgetown Hotel".   Defendant Capella Hotel operates the Capella

Georgetown Hotel.   At all times relevant to the lawsuit, Defendant Capella Hotel guest, customers, clients, policies, procedures, actions and or inactions, directly and or indirectly caused, resulted in, and/or contributed to the brutal attack and beating of Mr. Miango Mr. Ngoma on August 6, 2014.

     **11.**   The Defendants sued in their individual and official capacities, (hereinafter "Individual and Official Capacity Defendants") who are sued in their individual and official capacities are DRC nationals, officials, agents, representatives, friends, and/or officers of DR Congo Government and or Defendant Joseph Kabila.  At all time relevant, the Individual and Official Capacity Defendants, including the specific Individual and Official Capacity Defendants who brutally attacked and beat Mr. Miango and Mr. Ngoma, were staying at the Capella Georgetown Hotel with Defendant Joseph Kabila.   At all times relevant, the Individual and Official Capacity Defendants actions and or inactions directly and or indirectly caused, resulted in or contributed to the August 6, 2014 brutal assault on the Plaintiffs.

### III.   JURISDICTION

     12.   Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, 42 U.S.C. § 12117, and 29 U.S.C. § 1132(e), all of which provide for original jurisdiction of plaintiff's claims arising under the laws of the United States and over actions to secure equitable and other relief.  Additional Jurisdiction is derived pursuant to 28 U.S.C. §1337, 1343(a), and 1367(a); 42 U.S.C. § § 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

     13.   Jurisdiction if further conferred pursuant to the Foreign Sovereign Immunities Act of l976, Pub. L. 94-583, 90 Stat. 289l, 28 U.S.C. Sec. l330, l332(a), l39l(f) and l60l-l6ll [hereinafter the FSIA], (see, §1605(a)(5) - money damages are sought against a foreign state

for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state)

14.     The court has supplemental jurisdiction under 28 U.S.C. §1367 over plaintiff's claims under the statutory and common laws of the District of Columbia because plaintiff's claims are so related to the claims within the court's original jurisdiction that they form part of the same case or controversy under article 3 of the U.S. Constitution.

15.     On August 2, 2010, Plaintiff placed the DC and USSS on notice regarding their claims pursuant to DC Tort Claims Section 12-309, DC Official Code (2001) as required by law.

## IV.    VENUE

16.     Venue is proper in this district under 28 U.S.C. *§1391(a) (2),* and *§1391(b) (2)* because Defendants are located in this district and the events or omissions giving rise to this claim occurred in this district.   Venue is further conferred pursuant to 28 U.S.C. §§ 1391(f) and 1441(d).

## V.    FACTUAL ALLEGATIONS

17.     On August 6, 2014, Mr. Miango and two students staged a peaceful protest in front of the Capella hotel against human rights violations in DR Congo.  The protest targeted Defendant Joseph Kabila who was staying at the Capella Georgetown Hotel during his visit to Washington DC for the "U.S. – Africa Leaders Summit", from August 1 – 6, 2014.

18.     Before staging the protest, Mr. Miango, sought to obtain a permit from the District of Columbia Metropolitan Police Department (DCMPD) for the planned protest. However DCMPD informed Mr. Miango that if the protest group was less than twenty (20) people, and the protest did not include planned marches or plans to be arrested, then a

permit was not needed.

19.     On August 6, 2014, at about 4pm, Mr. Miango, accompanied by two students, drove to 31st Street NW, Washington DC, ("31st NW") and parked nearby the Capella Georgetown Hotel to stage a protest at President Joseph Kabila because of human rights abuses and violations in the DR Congo.  Upon arrival at the Capella Georgetown Hotel, Mr. Miango observed DCMPD police officers and U.S. Secret Service (USSS) agents present in front of the Capella Georgetown Hotel and on 31st NW in the area of the Capella Georgetown Hotel.

20.     Shortly after arriving on 31st NW, Mr. Miango saw Individual and Official Capacity Defendant Jeanmarie Kassamba alighting from a car on 31st Street NW near the Capella Georgetown Hotel.  Mr. Miango recognized Mr. Kassamba as press official for President Joseph Kabila.  Mr. Miango called out to Mr. Kassamba and began the protest. The protest consisted of Mr. Miango and one other person holding up posters or signs condemning rape, corruption, genocide, dictatorship, and human rights violations in the DRC.  At the same time, Mr. Miango was making statements or verbalizing the protest message, including information on the posters or flyers.  Mr. Miango did this while walking beside Mr. Kassamba, about twenty (20) feet to the east of Mr. Kassamba, who was walking south on 31st NW, toward the front entrance of the Capella Georgetown Hotel. When Mr. Kassamba reached the Capella Georgetown Hotel, Mr. Miango and the other protestor shifted onto the sidewalk directly across the street in front of the Capella Georgetown Hotel, and continue with the protest.  Mr. Miango and the other protester conducted the protest in a peaceful and civil manner.  All of this was observed by USSS agents or officers who were present in front of the Capella Georgetown Hotel.

21.     Shortly after Individual and Official Capacity Defendant Kassamba went into the Capella Georgetown Hotel, he returned with a group from the Individual and Official Capacity Defendants, who angrily approached Mr. Miango and the student protester. Individual and Official Capacity Defendant Kassamba had an iPod and other electronic device that he appeared to be using to record and or communicate about Mr. Miango and the protest, while the others Individual and Official Capacity Defendants in the group began belittling, threatening, intimidating and disrupting Mr. Miango and the student protestor.

22.     However, Mr. Miango and the student held their ground and continue to vocalize the protest message and hold up the protest posters or flyers.  Except for the commotion from Individual and Official Capacity Defendant Kassamba and his group of Individual and Official Capacity Defendants, Mr. Miango and the student protestor remained peaceful and civil in their protest actions.

23.     The actions of Individual and Official Capacity Defendant Kassamba and his group of Individual and Official Capacity Defendants, was observed by USSS agents and DCMPD officers, who took no action to stop Individual and Official Capacity Defendant Kassamba and his group of Individual and Official Capacity Defendants from approaching Mr. Miango and the student protestor, or their actions to disrupt, intimidate and threaten Mr. Miango and the student protestor.

24.     While Individual and Official Capacity Defendant Kassamba and his group of Individual and Official Capacity Defendants continued to disrupt, intimidate and threaten Mr. Miango and the student protestor, Defendant Joseph Kabila and his entourage arrived on 31st NW, approaching the Capella Georgetown Hotel from the south of 31st NW.  When Mr. Miango saw Defendant Joseph Kabila, he called out to him using the name "Hypolite Kanambe", and began verbalizing the protest message against rape, corruption, genocide,

dictatorship, and other human rights violations in the DR Congo, Defendant Joseph Kabila. As Defendant Joseph Kabila approached the entrance of the Capella Georgetown Hotel, he looked across the street and made eye contact with Mr. Miango as Plaintiff Miango continue to verbalize the protest message.

25.     Shortly after President Joseph Kabila entered the Capella Georgetown Hotel, another group of Individual and Official Capacity Defendants who accompanied Defendant Joseph Kabila into the Capella Georgetown Hotel, rushed out of the Capella Georgetown Hotel and joined up with Mr. Kassamba and the other group of Individual and Official Capacity Defendants.  They then all began physically attacking the protest and Mr. Miango. They overpowered Mr. Miango as Mr. Miango ordered the student protestor to run for his life. Mr. Miango was then knocked down to the ground, beaten, kicked, choked, and stomped on by the Individual and Official Capacity Defendants who initially approached Mr. Miango and the protest with Kassamba, and who rushed out of Capella Georgetown Hotel after arriving with Defendant Joseph Kabila, to attack Mr. Miango and the protest.

26.     USSS agents and DCMPD officer's observed the Individual and Official Capacity Defendants who arrived with President Joseph Kabila, and observed them rushing out of the Capella Georgetown Hotel and brutally attacking Mr. Miango and the protest, and did nothing to stop them.  USSS agents and DCMPD officers observed Mr. Miango been knocked to the ground, beaten, kicked and stomped on, and USSS agents took no action to arrest the Individual and Official Capacity Defendants or prevent the attack and brutal assault on Mr. Miango.  In fact, a video of the incident showed USSS agents and DC MPD officers ushering away the attackers.

27.     After the brutal attack some of the Individual and Official Capacity Defendants raided Mr. Miango's parked car, ransacked the car and took away, Mr. Miango's

possessions, including protest materials, a computer, iPod, a camera and other items.  These items were taken into the Capella Georgetown Hotel by the attackers.  Mr. Miango observed this theft from his car, and called USSS agents and DCMPD attention to the theft in progress, however they did nothing to stop the theft and trespass.

28.     Plaintiff Ngoma was working at the Canal Inn Hotel, which located across the street adjacent to the Capella Georgetown Hotel.  Mr. Ngoma heard the protest by Plaintiff Miango and the student protester.  Plaintiff Ngoma then came outside and observed the protest when it initially started focusing on Individual and Official Capacity Defendant Kassamba.  When the Individual and Official Capacity Defendants, who arrived at the Capella Georgetown Hotel with Defendant Joseph Kabila, rushed out and began attacking Mr. Miango and the protest, they rushed towards Mr. Ngoma and demanded that he move from in from of the Canal Inn Hotel where Mr. Ngoma was standing. Went Mr. Ngoma refused to leave and denied that he was a part of the protest, they brutally attacked and savagely beat Mr. Ngoma.

29.     The attack and beating of Plaintiff Ngoma was observed by USSS agents and DCMPD officer who took no action to stop the attack on Plaintiff Ngoma or arrest the Individual and Official Capacity Defendants who carried out the attack.

30.     After the August 2014 attack on Plaintiff's the US State Department issued a statement that it requested that DR Congo Government to waive diplomatic immunity to allow for prosecution of DR Congo Government, and the Individual and Official Capacity Defendants who attacked Mr. Miango and Mr. Ngoma however, DR Congo Government declined to waive immunity and the criminal Individual and Official Defendants who attacked Mr. Miango and Mr. Ngoma fled the U.S.

# VI.      CLAIMS

## Count One
## Battery
(Against Individual and Official Capacity Defendants, DR Congo Government,
Defendant Joseph Kabila, DR Congo Embassy,
Capella Hotel and Castleton Hotel)

**31.**      Plaintiff incorporates all paragraphs hereto, as though fully set forth herein and further alleges that at all times relevant hereto Defendants battered Plaintiffs.

32.      On August 6, 2014, Defendants brutally attacked and beat Plaintiffs for protesting against human rights violations in DR Congo.  Defendant Miango was legally staging a protest at Defendant Joseph Kabila went Plaintiff was violently and savagely attacked on the orders of Defendant Joseph Kabila.

33.      Defendant intended to cause and did cause a harmful contact with defendant's person.

34.      Plaintiffs did not consent to defendant's violent and savage attack on Plaintiff by the Defendants.

35.      As a direct and proximate result of defendant's conduct plaintiff suffered the loss of seven tooth, bruising, swelling and neck injury. Plaintiff has also suffered extreme mental anguish and physical pain. Plaintiff is informed and believes, and on that basis alleges, that plaintiff has suffered a permanent disability.

36.      These injuries have caused plaintiff to suffer general damages in an amount to be determined by proof at trial.

37.      As a direct and proximate result of defendant's conduct, plaintiff was required to obtain medical services and treatment in an amount to be determined by proof at trial, and will, in the future, be compelled to incur additional obligations for medical treatment in an amount to be determined by proof at trial].

38.     As a further direct and proximate result of defendant's conduct, plaintiff was unable to work for a period of two weeks and, accordingly, lost wages in an amount to be determined by proof at trial.

### Count Two
### Assault
(Against Individual and Official Capacity Defendants, DR Congo Government, Defendant Joseph Kabila, DR Congo Embassy, Capella Hotel and Castleton Hotel)

39.     Plaintiff incorporates all paragraphs hereto, as though fully set forth herein and further alleges that at all times relevant hereto Defendants assaulted Plaintiffs.

40.     Plaintiffs are reasonable persons.

41.     Defendant intended to cause and did cause plaintiff to suffer apprehension of immediate physical harm by rushing out of the Capella Georgetown Hotel towards Plaintiff and attacking Plaintiff staged protest.

42.     Any reasonable person would also become apprehensive in the face of defendants' threatening conduct.

43.     Defendant DR Congo and Embassy of DR Congo are liable under the doctrine of respondeat superior.

44.     WHEREFORE, plaintiff demands judgment against defendant, as follows: General damages in an amount to be determined by proof at trial; Medical and related expenses in an amount to be determined by proof at trial; 3. Past lost earnings; Punitive damages; Costs of this action; and, any other and further relief that the court considers

**Count Three**
**Deprivation of Constitutional and Civil Rights in Violation of 42 U.S.C. §§ 1983,**
**1988 (First Amendment Freedom of Speech And Assembly)**
(Against all Defendants)

45.  Plaintiff incorporates all paragraphs hereto, as though fully set forth herein and further alleges that at all times relevant hereto Defendants deprived Plaintiffs of their constitutional and civil rights to free speech and assembly.

46.  Plaintiff's protest against human rights violations in DR Congo was speech protected by the First Amendment to the U.S. Constitution.

47.  Plaintiff's protested peacefully, without any disruption to movement or normal activities.

48.  Plaintiffs' protest and speech about human rights violations in DR Congo was speech of a private us resident on a matter of public concern.

49.  Plaintiff's free speech right to demonstrate and protest against human rights violations in DR Congo outweighed any interest of the Defendants in suppressing that speech.

50.  Defendants violated Plaintiff right to free speech by brutally attacking Plaintiff's for staging the protest and demonstration targeting Defendant Joseph Kabila.

51.  Defendants acted intentionally and with callous disregard for Plaintiff's clearly established constitutional rights.

52.  Defendants USSS and DCMPD polices of protecting diplomats and foreign dignitaries and deferring to diplomatic immunity for foreign dignitaries provided a cover for the attackers and proximately caused the violation of Plaintiff Miango's constitutional rights.

53.  As a direct and proximate result of the Defendants violations of Plaintiff's constitutional rights, Plaintiff has suffered severe and substantial damages, including but not

limited to: permanent physical disfigurement, inhumane and cruel treatment, pain and suffering, loss wages, humiliation, loss of reputation, embarrassment, inconvenience, mental and emotional anguish and distress, litigation expenses including attorney fees, and other compensatory damages, in an amount to be determined by a jury and the Court.

### Count Four
### Intentional Infliction of Emotional Distress (IIED)
(Against Individual and Official Capacity Defendants, DR Congo Government,
Defendant Joseph Kabila, DR Congo Embassy,
Capella Hotel and Castleton Hotel)

54.     Plaintiff incorporates all paragraphs hereto, as though fully set forth herein and further alleges that at all times relevant hereto Defendants cause intentionally caused extreme emotional distress to Plaintiffs.

55.     Defendants engaged in, instigated, and directed a course of extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, emotional distress to Plaintiff.

56.     Defendants conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

57.     As a proximate result of the Defendants' extreme and outrageous conduct, Plaintiff has suffered and will continue to suffer mental pain and anguish, severe or extreme emotional distress, embarrassment, and humiliation.

### Count Five
### False imprisonment
(Against Individual and Official Capacity Defendants, DR Congo Government,
Defendant Joseph Kabila, DR Congo Embassy)

58.     Plaintiff incorporates all paragraphs hereto, as though fully set forth herein and further alleges that at all times relevant hereto Defendants falsely imprisoned Plaintiffs.

59.     Through actions described herein on August 6, 2014, Defendants intentionally confined Plaintiff without lawful justification, and brutally beat Plaintiffs for staging a protest against human rights violations in the DR Congo.

60.     Plaintiff did not consent to such confinement.

61.     As a proximate result of the acts alleged herein Plaintiff is entitled to damages in an amount to be proven at trial.

**Count Six**
**Negligence:  premises liability**
(Against Individual and Official Capacity Defendants, DR Congo Government,
Defendant Joseph Kabila, DR Congo Embassy,
Capella Hotel and Castleton Hotel)

62.     Plaintiff incorporates all paragraphs hereto, as though fully set forth herein and further alleges those at all times relevant hereto Defendants committed negligence against the Plaintiffs.

63.     Capella Georgetown Hotel owed a duty to act to provide security, monitory guess to prevent guest from causing harm to the public.

64.     President Kabila along with his thugs who he ordered to attack Plaintiff was occupying the Capella Georgetown Hotel when they attacked Plaintiff.

65.     Capella Georgetown Hotel breached its duty by failing to act to protect the public, failing to provide security at the Hotel, failing to monitor, supervise and control its guess.

66.     As a result of those breaches, which were the proximate causes of Plaintiff's injury, Plaintiff suffered harm and damages.

**Count Seven**
**Negligence (failure to protect civilian)**
(Against USSS and DCMPD)

67.     Plaintiff incorporates all paragraphs hereto, as though fully set forth herein and further alleges that at all times relevant hereto Defendants committed negligence against the Plaintiffs.

68.     USSS agents and DCMPD officer's observed the group who arrived with President Joseph Kabila, and observed that members of the group rushed out of the Capella Georgetown Hotel and brutally attacked Mr. Miango and the protest and did nothing to stop them.  The USSS agents and DCMPD officers observed Mr. Miango been knocked to the ground, beaten, kicked and stomped on, and USSS agents took no action to arrest the attackers or prevent the attack and brutal assault on Mr. Miango.  In fact, video of the incident showed USSS agents and DCMPD officers ushering away the attackers.

69.     Defendants USSS and DCMPD owed a duty to act to provide security, monitory guess to prevent guest from causing harm to the public.

70.     President Kabila along with his thugs who he ordered to attack Plaintiff was under the supervision and protection of the USSS and DCMPD when Plaintiff was attacked. .

71.     As a result of those breaches, which were the proximate causes of Plaintiff's injury, Plaintiff suffered harm and damages.

**Count Eight**
**Conspiracy in Violation OF 42 U.S.C. 1983**
(Against Individual and Official Capacity Defendants, DR Congo Government,
Defendant Joseph Kabila, DR Congo Embassy,
Capella Hotel and Castleton Hotel)

72.     Plaintiff incorporates all paragraphs hereto, as though fully set forth herein, and further alleges that at all times relevant hereto Defendants conspired for the purposes of depriving Plaintiff of the equal protection of the laws in violation of 42 U.S.C. § 1985.

73.     Defendants have conspired for the purpose of depriving plaintiff of the equal protection of the laws and of equal privileges and immunities under the laws by attacking Plaintiff to silence Plaintiff and repress Plaintiff's right to protest, etc.,

74.     Defendants' conduct in this regard was motivated by impermissibly personal malice to free speech and right to protest exercised by Plaintiff, etc., exercise of free speech under the First and Fourteenth Amendment of the U.S. Constitution.

75.     In furtherance of the object of this conspiracy to deprive Plaintiff of the equal protection of the laws and her equal privileges and immunities under the laws, the defendants have done or caused to be done the acts set forth in this complaint which resulted in Plaintiff's been attacked and brutally beaten by the conspirators.

76.     Plaintiff has been injured in his person and property and deprived of exercising her rights and privileges as a legal resident in the U.S., by virtue of the conduct of the conspiring defendants.

77.     WHEREFORE, Plaintiff demands judgment for the conspiracy against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**Count Nine**
**Neglecting to Prevent Conspiracy in Violation of 42. U.S.C. § 1986**
**(Against All Defendants)**

78.     Plaintiff incorporates all paragraphs hereto, as though fully set forth herein, and further alleges that at all times relevant hereto Defendants failed or neglected to prevent conspiracy to deprive Plaintiff of the equal protection of the laws in violation of 42 U.S.C. § 1986.

79.    Defendants had knowledge at all material times that the wrongs conspired to be done as alleged in the fact were about to be or were in the process of being committed on August 6, 2015.   Defendants had the power to prevent or aid in preventing the commission of these wrongs; yet, they have neglected and refused to do so.   Defendants could have by reasonable diligence prevented the wrongs alleged in paragraph by reporting the wrongs to be done, etc.,

80.    Plaintiff has been damaged in the manner set forth in paragraph 217 of this complaint which is incorporated herein by reference and is entitled, by virtue of 42 U.S.C. § 1986, to recover from Defendants (and any other defendant whom plaintiff learns has neglected or refused to prevent the wrongful acts alleged) all damages resulting from such wrongful neglect or refusal.

81.    WHEREFORE, Plaintiff demands judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000, 000 plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### Count Ten
### (Trespassing, Conversion and Theft)
(Against Individual and Official Capacity Defendants, DR Congo Government,
Defendant Joseph Kabila, DR Congo Embassy,
Capella Hotel and Castleton Hotel)

82.    Plaintiff incorporates all paragraphs hereto, as though fully set forth herein, and further alleges that at all times relevant hereto Defendants committed trespass, conversion and theft of Plaintiff Miango's property.

83.    After the brutal attack some of the Individual and Official Capacity Defendants raided Mr. Miango's parked car, ransacked the car and took away, Mr. Miango's

possessions, including protest materials, a computer, iPod, a camera and other items.  These items were taken into the Capella Georgetown Hotel by the attackers.  Mr. Miango observed this theft from his car, and called USSS agents and DCMPD attention to the theft in progress, however they did nothing to stop the theft and trespass.

### Count Eleven
### Violent Political Persecution, Persecution of Refugees,
### Cruel and Degrading Treatment based on ethnicity and race in Violation of U.N.
### Treaties, Conventions and Customary International Law
(Against Individual and Official Capacity Defendants, DR Congo Government,
Defendant Joseph Kabila, DR Congo Embassy)

84.    Plaintiff incorporates all paragraphs hereto, as though fully set forth herein, and further alleges that at all times relevant hereto Defendants committed violence, persecution, and cruel and degrading treatment against Plaintiff's in violation of the law of nations, as set forth in the Alien Tort Claims Act (ATCA) or Alien Tort Statute (ATS).

85.    Plaintiff Miango is known to the defendants as a political activist and human rights campaigner, who is oppose to the DR Congo Government and Defendant Joseph Kabila human and civil rights records.

86.    Plaintiff Miango, a DR Congo national, left DR Congo seeking refugee and/or asylum status in the U.S. due to persecution and human rights atrocities by the DR Congo Government.

87.    The ordered and coordinated brutal attack on Plaintiff Miango on August 6, 2015 was in clear violation of the laws of nations, including U.N and U.S. treaties and conventions against cruel and degrading treatment of refugees, violence against individuals based on race and ethnicity, violent political repression and persecution, use of diplomatic status to commit crime, violent suppression of peaceful dissent and protest, and other laws of nations.

## Count Twelve
## Loss Of Consortium

88.     Plaintiff incorporates all paragraphs hereto, as though fully set forth herein, and further alleges that at all times relevant hereto Plaintiff Miango and Plaintiff Micheline Miango suffered loss of consortium and with each other.

89.     Plaintiffs Miango's were married to each other on May 3, 1997 and were married at the time of the events giving rise to this action.

90.     The defendant's negligence proximately caused the plaintiffs to suffer a loss of consortium for which they jointly make claim in this action.

## VII.    PRAYER

229.    Plaintiff prays that this  Court enter judgment for Plaintiff and against the Defendants, and that this Court award Plaintiff such relief needed to make the Plaintiff whole and remedy the violations; hold the Defendants joint and several liable, and to award all legal and equitable relief the law may allow; such as but not limited to:

a) Declaratory relief that declare the August 6, 2014 actions of the Defendants' unconstitutional and illegal;

b) Compensatory damages to compensate for the actual harm sustained\

c) Pain and Suffering;

d) Consequential damages for the natural consequential damages flowing from the harm;

e) Punitive damages, but not against the USSS and or DCMPD;

f) Nominal damages;

g) An award of reasonable attorney fees and litigation cost; and,

h) Such other and further relief as may be deemed just and proper.

Respectfully Submitted,

*George A. Rose*

_____

George A. Rose, Esq. # 26086
Syed Shaun A. Bokhari, Esq.


THE ROSE LAW FIRM, LLC
200 E. Lexington Street, Suite 800
Baltimore, Maryland 21202
Phone: 410-727-7555 Fax: 443-320-0962
Email: grose@roselawfirm.net

*Carrie Crawford*

_____

Carrie Crawford, Esq.

CRAWFORD & ASSOCIATES
Attorneys At Law
324 Main Street, #961
Laurel, Maryland  20725
TELEPHONE: (301) 266-6901
FACSIMILE: (775) 371-1064
crawfordconsultants@gmail.com

Counsels for Plaintiffs