# United States Court of Appeals
**For The District of Columbia Circuit**

_____

**No. 20-5244**  **September Term, 2022**

**1:15-cv-01265-ABJ**

**Filed On:** October 18, 2022

Jacques Dieudonne Itong Miango,

    Appellant

Micheline Lompo Miango, et al.,

    Appellees

    v.

Democratic Republic of Congo, Embassy of
the Democratic Republic of the Congo, et al.,

    Appellees

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:** Millett, Rao, and Childs, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia, and on the briefs filed by the parties and the brief of amicus curiae. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, the motion for leave to file a motion for summary affirmance out of time, and the lodged motion for summary affirmance, it is

**ORDERED** that the motion for leave to file a motion for summary affirmance out of time be denied as unnecessary because appellant has not appealed the March 22, 2017 dismissal order entered by the district court. See Maloney v. Murphy, 984 F.3d 50, 68 (D.C. Cir. 2020) ("[M]entioning an argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones is tantamount to failing to raise it.") (internal quotation marks omitted). In

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 20-5244**                                    **September Term, 2022**

addition, to the extent appellant challenged the district court's order filed January 19, 2019, which vacated the default judgment issued against Joseph Kabila Kabange and dismissed appellant's claims against him for lack of subject matter jurisdiction, appellant has withdrawn his challenge to that order.  See Reply Br. at 18.  It is

    **FURTHER ORDERED AND ADJUDGED** that the district court's order filed June 29, 2020 be affirmed.  The district court vacated the January 16, 2018 default judgment issued against Jean Marie Kassamba, Jacques Mukaleng Makal, Seraphin Ngwej, Raymond Tshibanda, and Sam Mpengo Mbey, and dismissed appellant's claims against them for lack of subject matter jurisdiction.  Appellant challenges the district court's conclusion that those individuals were entitled to conduct-based foreign official immunity under the common law.  The district court assessed that issue under the standard set forth in the Restatement (Second) of Foreign Relations Law § 66(f) (1965) ("Second Restatement"), which the parties agreed was the proper standard.  In light of that agreement, we will assume without deciding that the Second Restatement "accurately sets out the scope of common-law immunity for current or former officials." See Lewis v. Mutond, 918 F.3d 142, 146 (D.C. Cir. 2019).  In addition, the parties agreed in the district court that additional factfinding was not necessary to determine whether this doctrine of immunity applied.  We therefore will determine whether the aforementioned appellees are entitled to immunity based on the record before us.  We need not decide whether the views of the United States, which called for additional factfinding, would be controlling in the absence of the parties' agreement.

    Applying the Second Restatement's three-part standard, and based on the record in this case, the district court correctly concluded that the aforementioned appellees were entitled to conduct-based foreign official immunity.  First, an uncontroverted declaration, and appellant's own allegations in the complaint, establish that these appellees were officials or agents of the Democratic Republic of the Congo ("DRC").  See Second Restatement § 66.  Second, the record and plaintiffs' own allegations establish that these appellees were acting in their official capacities and on behalf of the DRC during the events in question.  See id.  Indeed, based on the alleged actions by the aforementioned appellees, appellant was awarded a substantial default judgment against the DRC.  Third, appellant did not contest in the district court, and does not contest here, that exercising jurisdiction over these appellees would have the effect of enforcing a rule of law against the DRC.  See id.; Keepseagle v. Perdue, 856 F.3d 1039, 1053 (D.C. Cir. 2017) (citation and internal quotation marks omitted) ("It is well settled that issues and legal theories not asserted at the District Court level ordinarily will not be heard on appeal."); United States ex rel. Totten v. Bombardier

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 20-5244**                                                                 **September Term, 2022**

Corp., 380 F.3d 488, 497 (D.C. Cir. 2004) ("Ordinarily, arguments that parties do not make on appeal are deemed to have been waived.").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**