IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Jacques Dieudonne Itonga Miango, et al. | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| vs. | * | **Civil Case No.**: No.: 15-cv-01265 |
| | * | |
| Democratic Republic of the Congo, et al. | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \*    \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT
POST-JUDGMENT DISCOVERY**

## I.    INTRODUCTION

Plaintiffs respectfully move for leave to conduct post-judgment discovery pursuant to Federal Rule of Civil Procedure 69(a) to identify assets of Defendant Democratic Republic of the Congo ("DRC") subject to attachment and execution. Plaintiffs seek discovery narrowly tailored to identify property in the United States used for commercial activity, as permitted under 28 U.S.C. § 1610(a)(2), and expressly exclude diplomatic, military, and central-bank property immune under the Foreign Sovereign Immunities Act ("FSIA").

## II.    PROCEDURAL BACKGROUND

1.    On January 16, 2018, this Court entered a Memorandum Opinion and Order granting default judgment against Defendant Democratic Republic of the Congo after finding jurisdiction and service proper under the FSIA. (ECF No. 131).

2.    On February 24, 2021, the Court entered final judgment against the Democratic Republic of the Congo in the amount of $562,660.06, plus post-judgment interest. (ECF No. 170).

1

3.      The docket reflects that Defendant was properly served pursuant to 28 U.S.C. § 1608(a)(3) prior to entry of default judgment, and the Court expressly relied on that service in entering judgment. (ECF No. 131).

4.      Following entry of judgment, Plaintiffs served post-judgment notices and enforcement-related documents in 2023 by international courier and certified mail and filed a declaration verifying service compliance with supporting delivery records.

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure 69(a)(2) authorizes a judgment creditor to obtain discovery from the judgment debtor or third parties "in aid of the judgment or execution." The FSIA does not bar discovery against a foreign sovereign; it limits execution to certain categories of property. Discovery is proper so long as it is tailored to identifying assets that may be subject to execution under 28 U.S.C. § 1610. Courts in this District routinely permit post-judgment discovery against foreign sovereigns to identify commercial assets, including bank accounts, receivables, and payment flows, subject to appropriate immunity limitations.

### IV.    ARGUMENT

1.  *Plaintiffs Are Entitled to Post-Judgment Discovery*

Plaintiffs hold a valid and unsatisfied federal judgment. Rule 69 provides broad authority to obtain discovery to locate assets that may be used to satisfy that judgment.

2.  *The Requested Discovery Is Narrow and FSIA-Compliant*

Plaintiffs' proposed discovery is strictly limited to identifying:

- Property located in the United States
- Used for commercial activity
- Not subject to immunity under 28 U.S.C. §§ 1609–1611

Diplomatic, military, and central-bank property is expressly excluded. (The full text of the proposed discovery is attached as Exhibits A).

3. *Service Under the FSIA Is Proper and Complete*

Defendant Democratic Republic of the Congo was properly served pursuant to 28 U.S.C. § 1608(a)(3) by sending the summons, complaint, and required notices by international courier to the head of the Ministry of Foreign Affairs of the Democratic Republic of the Congo, with delivery confirmed. The Court expressly found service proper under the FSIA prior to entering default judgment. (ECF No. 131).

Following entry of judgment, Plaintiffs likewise served post-judgment notices and enforcement-related filings in compliance with § 1608, including through international courier and certified mail in 2023, with proof of delivery filed on the docket. Accordingly, service is complete and jurisdiction remains proper for post-judgment discovery pursuant to Rule 69(a).

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs leave to conduct post-judgment discovery pursuant to Fed. R. Civ. P. 69(a)(2), authorize Plaintiffs to serve the proposed interrogatories and requests for production submitted as Exhibits A and B following entry of the Court's Order, and grant such other and further relief as the Court deems just and proper.

January 26, 2026                              Respectfully Submitted,

*/s/ George A. Rose*
George A. Rose, Esq.
Federal Bar No.: 26086
Rose Law Firm, LLC
9134 Liberty Road
Baltimore, Maryland 21133

3

Phone: 410-727-7555
Fax: 443-320-0962
Email: grose@roselawfirm.us

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 26th day of January 2026, I caused the foregoing Motion for Leave to Conduct Post-Judgment Discovery, together with the Proposed Order and accompanying papers, to be filed electronically with the Clerk of the Court.

I further certify that, contemporaneously with this filing, Plaintiffs submitted an Affidavit Requesting Foreign Mailing, requesting that the Clerk of Court transmit the Motion and Proposed Order to Defendant Democratic Republic of the Congo pursuant to 28 U.S.C. § 1608(a)(3). Service on the Democratic Republic of the Congo will be effected by the Clerk of Court in accordance with the Affidavit Requesting Foreign Mailing.

*/s/ George A. Rose*

4